## CITY OF GALESBURG *v.* GALESBURG WATER Co. and others.

*(Circuit Court, N. D. Illinois.   1886.)*

REMOVAL OF CAUSES—SEPARABLE CONTROVERSY.

 S. made an agreement with the city of G. for the construction by him of water-works, and the supply of the city with water, the city by its ordinance granting to S. and his assigns the exclusive franchise for this purpose, for a definite period of time.  S. afterwards assigned his franchise, and the city of G. subsequently filed a bill in the state court against the assignee alone, seeking, on grounds therein set forth, to have the franchise vacated and annulled.  After the agreement between S. and the city of G. had been entered into, the assignee executed a mortgage upon its property and franchise to the F. L. & T. Co.. of the City of New York, for the purpose of raising money thereon.   In the progress of the cause the F. L. & T. Co., upon their application, were admitted as a party defendant, and upon their motion the cause was removed to the circuit court of the United States.   Upon a motion by the city of G. to have the cause remanded to the state court, *held*, that as the record shows a separable controversy between the F. L. & T. Co., a citizen of the state of New York, and the city of G., the motion to remand must be overruled.   *Held, further,* that although the contract between S. and the city was between citizens of the same state, yet as the franchise was assignable, any property rights which had accrued to citizens thereunder in other states may be litigated in this court.

Motion to Remand.

*Mr. Carney, Mr. Willoughby,* and *Mr. Ryan,* for complainant.

*Mr. Ryerson* and *Mr. Barry,* for defendant.

BLODGETT, J.   The case now comes before us upon a motion to remand the same to the circuit court of Knox county, from whence it was removed on the application of the Farmers' Loan & Trust Company, one of the defendants herein.   The original bill was filed by the city of Galesburg for the purpose of setting aside an agreement made between the city and Nathan Shelton, or his assigns, for the construction and maintenance of water-works in the city of Galesburg, said agreement having been made May 17, 1883, by the adoption of an ordinance by the city granting to Shelton and his assigns the exclusive franchise for supplying the city with water for the term of 30 years.   The franchise thus granted to Shelton was by him assigned about August, 1883, to the Galesburg Water Company, and the construction of the water-works contemplated by the ordinance was entered upon by said company.   In the latter part of 1884 the original bill in this case was filed in the Knox county circuit court by the city of Galesburg against the water company alone, charging that Shelton and the water company, as his assignee, had failed to comply with the conditions of their contract with the city, and seeking a decree vacating the rights granted under the ordinance.   The water company answered the bill, and filed a cross-bill, and on the twenty-third of February last the Farmers' Loan & Trust Company, a corporation of the city and state of New York, intervened in said case, representing to the court that the water company, on the first day of August, 1883, executed a mortgage upon all of its property, rights,

v.27F.no.4—21

and franchises, including the right to construct and maintain water-works in the city of Galesburg, as secured by said ordinance, for the purpose of securing an issue of 125 bonds of $1,000 each, which mortgage had been duly recorded, and the bonds thereby secured had been sold for value upon the open market without notice of any default or violation of the conditions of the ordinance by the water company; and such proceedings were had on the application for intervention that said Farmers' Loan & Trust Company was permitted by the court to become a party defendant to the original bill; and thereupon the loan and trust company filed its demurrer to the original bill, and also filed its petition and bond in due form for the removal of the cause to this court. The record being brought here, the cause was docketed *pro forma*, and the city of Galesburg now moves to remand the cause on the ground that it is not a removable case within the provisions of the statutes of the United States upon that subject.

Upon the first presentation of the motion to remand I was of the impression that the controversy shown by the record was wholly between the city of Galesburg and the water company, and that the Farmers' Loan & Trust Company, as the mortgagee of the water company, stood solely in the shoes of, and represented only the rights of, the water company as against the city; and an order was made directing that the case be remanded to the state court from whence it came. A motion for a rehearing was made, and being satisfied from suggestions made on the presentation of this motion that I had acted hastily, the order remanding the case was set aside, and the matter set for further argument. This argument has been had by briefs presented by counsel upon each side, which have been duly read and considered.

The only question in the case is whether the record shows a separable controversy between the Farmers' Loan & Trust Company, a citizen of the state of New York, and the city of Galesburg. It appears from the petition for removal that it is claimed on the part of the Farmers' Loan & Trust Company, trustee in the mortgage, representing the mortgage bondholders, that the mortgage was executed and delivered, and the bonds sold, upon the express assurance and assertion by the city of Galesburg that the mortgage, and the bonds which the same were given to secure, were a first lien upon the franchise now sought by the bill to be forfeited; and upon the express assertion and assurance by the city of Galesburg that the conditions of said ordinance, and the contract made in pursuance thereof, had in every way been conformed to and fulfilled by the water-works company; and upon the assurance of said city of Galesburg and its solicitors that the water-works company had done all the things required by it to be done in order to acquire full ownership, control, and possession of the water-mains and water-pipes, and the advantages and privileges in said ordinance mentioned.

Assuming, then, as we must for the purposes of this motion, that it may appear upon the hearing of the cause that the city has so far committed itself, to the trustee in this mortgage, and to the holders of the bonds secured thereby, that the water company had fully conformed to and complied with the terms of the ordinance and agreement with the city, as that the city may be estopped from asserting a non-compliance with the terms of said ordinance on the part of Shelton, and the water company, his assignee; and therefore that the holders of the bonds may have another and different answer in this litigation to the original bill from that which could be put in or relied upon by the water company,—it seems to me that we may properly say that the record shows a separable controversy between the Farmers' Loan & Trust Company and the city of Galesburg in regard to the right on the part of the city to have this contract and franchise set aside.

It is objected that the city made its own issue with the water company, and that it does not lie in the power of the Farmers' Loan & Trust Company, the mortgagee of the water company, to intervene in the case and make a new issue; but it seems to me from the showing of the cross-bill, as well as from the petition for removal, that the mortgage of the water-works by the water company was a matter of public record at the time that the city filed its original bill, and that the city was aware of the fact that other persons besides the water company had become interested in the question of setting aside this contract and franchise; and therefore the Farmers' Loan and Trust Company, the mortgagee of the property and of the rights of the water company, was not only a proper but a necessary party to the bill seeking to set aside the franchise; because, even if a decree had been obtained against the water company in the suit as originally planted by the city, such decree would have been inoperative as against the mortgagee, and the city would have been required to litigate the questions over again with this trustee, or those claiming under the mortgage.

It is further objected that the contract between Shelton and the city was between citizens of the state of Illinois, and was not an assignable contract, and therefore a suit cannot be maintained by the assignee of the contract in the federal courts because the water company could not have maintained such suit. It is, however, manifest, from the very terms of the ordinance conferring this franchise, that it was intended to be made assignable, for it runs to Shelton, or his successors or assigns, and grants the privileges thereby conferred to him, his successors or his assigns; and any property rights which have accrued to citizens of other states may be litigated in this court. The city, it seems to me, has also ratified this transfer by bringing the suit against the water company as the holder and present owner of whatever rights were conferred on Shelton by the ordinance; so that it appears to me the question cannot now be made

that the contract was not assignable, so as to defeat the jurisdiction of this court.

The motion to remand is therefore overruled.